BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
Transnational Organized Crime Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3045
    Facsimile: (213) 894-6269
    E-mail:   samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 25-595-MCS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| YEVGENI GERSHMAN, et al., | |
| Defendant. | **CURRENT TRIAL DATES:** September 23, 2025[1] <br><br> September 30, 2025[2] <br><br> **CURRENT STATUS CONFERENCE DATE:** September 15, 2025[3] <br><br> September 22, 2025[4] <br><br> **PROPOSED TRIAL DATE:** May 5, 2026 <br><br> **PROPOSED STATUS CONFERENCE DATE:** April 27, 2026 |

---

[1] For defendants Gershman, Tourevski, Austria, Cohen, Arenas, Krachun, and Cojocari.

[2] For defendant KATS.

[3] For defendants Gershman, Tourevski, Austria, Cohen, Arenas, Krachun, and Cojocari.

[4] For defendant Kats.

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Samuel J. Diaz, and defendants Yevgeni Gershman, both individually and by and through his counsel of record, David Kenner, defendant Evgeni Tourevski, by and through his counsel of record, defense attorney Brett A. Greenfeld, , defendant Yarin Cohen, by and through his counsel of record, defense attorneys Reuven L. Cohen, Brittany L. Lane, and Daniel Natal, defendant Gilbert Arenas, by and through his counsel of record, defense attorneys Janine F. Cohen and Jerome H. Friedberg, defendant Ievgen Krachun, by and through his counsel of record, defense attorney John Targowski, defendant Valentina Cojocari, by and through her counsel of record, defense attorney David R. Reed hereby stipulate as follows:

1. The Indictment in this case was made public on July 30, 2025. Defendants Gershman, Tourevski, Austria, Cohen, Arenas, Krachun, and Cojocari first appeared before a judicial officer of the court in which the charges in this case were pending on July 30, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for these defendants commence on or before October 8, 2025. Defendant Kats first appeared before a judicial officer of the court in which the charges in this case were pending on August 7, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant Kats commence on or before October 16, 2025.

2. On July 30, 2025, the Court set a trial date of September 23, 2025, and a status conference date of September 15, 2025, for

defendants Gershman, Tourevski, Austria, Cohen, Arenas, Krachun, and Cojocari.

3. On August 7, 2025, the Court set a trial date of September 30, 2025, and a status conference date of September 22, 2025 for defendant Kats.

4. Defendant Gershman is detained pending trial. Defendants Tourevski, Austria, Cohen, Kats, Arenas, Krachun, and Cojocari are released on bond pending trial. The parties estimate that the trial in this matter will last approximately seven to ten days.

5. By this stipulation, defendants Gershman, Tourevski, Cohen, Arenas, Krachun, and Cojocari move to continue the trial date to May 5, 2026 and the status conference date to April 27, 2026.

6. Defendants Gershman, Tourevski, Cohen, Arenas, Krachun, and Cojocari request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant Gershman is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business; 18 U.S.C. § 1955: Operation of an Illegal Gambling Business; 18 U.S.C. § 371: Conspiracy to Engage in Marriage Fraud; 8 U.S.C. § 1325(c): Marriage Fraud; and 18 U.S.C. § 1546(a): False Statements in Visas, Permits, and Other Immigration Documents.

    b. Defendant Tourevski is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business.

    c. Defendant Cohen is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal

Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business.

      d.    Defendant Arenas is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business; 18 U.S.C. § 1955: Operation of an Illegal Gambling Business; and 18 U.S.C. § 1001(a)(2): Making False Statements.

      e.    Defendant Krachun is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business.

      f.    Defendant Cojocari is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Engage in Marriage Fraud; 8 U.S.C. § 1325(c): Marriage Fraud; and 18 U.S.C. § 1546(a): False Statements in Visas, Permits, and Other Immigration Documents.

      g.    The government has made an initial production of discovery materials to defendants, including reports, numerous photographs, recorded audio interviews, and video files. The government will be producing a large amount of discovery including protective order materials containing CI/CW materials and third-party PII, as well as numerous additional reports and multimedia.

      h.    Counsel for defendants Gershman, Tourevski, Cohen, Arenas, Krachun, and Cojocari have several trial conflicts, listed in Exhibit A below.

      i.    In light of the foregoing, counsel for defendants Gershman, Tourevski, Cohen, Arenas, Krachun, and Cojocari also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for

1 potential pre-trial motions, review the discovery and potential
2 evidence in the case, and prepare for trial in the event that a
3 pretrial resolution does not occur. Defense counsel represent that
4 failure to grant the continuance would deny them reasonable time
5 necessary for effective preparation, taking into account the exercise
6 of due diligence.
7   j. Defendants Gershman, Tourevski, Cohen, Arenas,
8 Krachun, and Cojocari believe that failure to grant the continuance
9 will deny them continuity of counsel and adequate representation.
10   k. The government does not object to the continuance.
11   l. The requested continuance is not based on congestion
12 of the Court's calendar, lack of diligent preparation on the part of
13 the attorney for the government or the defense, or failure on the
14 part of the attorney for the Government to obtain available
15 witnesses.
16  7. For purposes of computing the date under the Speedy Trial
17 Act by which defendant's trial must commence, the parties agree that
18 the time period of September 23, 2025 to May 5, 2026, inclusive,
19 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
20 (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a
21 continuance granted by the Court at defendant's request, without
22 government objection, on the basis of the Court's finding that:
23 (i) the ends of justice served by the continuance outweigh the best
24 interest of the public and defendant in a speedy trial; (ii) failure
25 to grant the continuance would be likely to make a continuation of
26 the proceeding impossible, or result in a miscarriage of justice,
27 that it is unreasonable to expect preparation for pre-trial
28 proceedings or for the trial itself within the time limits

established by the Speedy Trial Act; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Defendant Kats objects to continuing the trial in this matter. Defendant Austria indicated that he was in favor of a continuance, but did not reply to the government's repeated attempts to obtain his trial conflicts or signature. Nonetheless, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of September 23, 2025 to May 5, 2026 constitutes a reasonable period of delay for defendants Austria and Kats, who are joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

//
//
//

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 9, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
SAMUEL J. DIAZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Yevgeni Gershman's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 5, 2026 is an informed and voluntary one.

_____     9/11/2025
DAVID E. KENNER                    Date
Attorney for Defendant
YEVGENI GERSHMAN

I have read this stipulation and have carefully discussed it with my attorney. This agreement has been read to me in Russian, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 5, 2026.

_____     09/11/2025
YEVGENI GERSHMAN                   Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, VLADIMIR FERKELMAN, am fluent in the written and spoken English and Russian languages. I accurately translated this entire agreement from English into Russian to defendant Gershman on this date.

_____     9/11/25
INTERPRETER                        Date

8

I am Evgeni Tourevski's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than May 5, 2026 is an informed and voluntary one.

_____    _____
BRETT A. GREENFIELD                                        Date
Attorney for Defendant
EVGENI TOUREVSKI

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 5, 2026.  I understand that I will be ordered to appear in Courtroom 7C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 5, 2026 at 8:30 a.m.

_____    _____
EVGENI TOUREVSKI                                          Date
Defendant

9

I am Evgeni Tourevski's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 5, 2026 is an informed and voluntary one.

_____     09/10/2025
BRETT A. GREENFIELD                  _____
Attorney for Defendant               Date
EVGENI TOUREVSKI

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 5, 2026. I understand that I will be ordered to appear in Courtroom 7C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 5, 2026 at 8:30 a.m.

_____     09/09/2025
EVGENI TOUREVSKI                     _____
Defendant                            Date

9

I am Allan Austria's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than May 5, 2026 is an informed and voluntary one.

_____      _____
GEORGE G. MGDESYAN                                              Date
Attorney for Defendant
ALLAN AUSTRIA

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 5, 2026.  I understand that I will be ordered to appear in Courtroom 7C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 5, 2026 at 8:30 a.m.

_____      _____
ALLAN AUSTRIA                                                   Date
Defendant

1 | I am Yarin Cohen's attorney.  I have carefully discussed every
2 | part of this stipulation and the continuance of the trial date with
3 | my client. I have fully informed my client of his Speedy Trial
4 | rights.  To my knowledge, my client understands those rights and
5 | agrees to waive them.  I believe that my client's decision to give up
6 | the right to be brought to trial earlier than May 5, 2026 is an
7 | informed and voluntary one.

_____  September 12, 2025
REUVEN L. COHEN                    Date
BRITTANY L. LANE
DANIEL NATAL
Attorneys for Defendant
ALLAN AUSTRIA

13 | I have read this stipulation and have carefully discussed it
14 | with my attorney.  I understand my Speedy Trial rights.  I
15 | voluntarily agree to the continuance of the trial date, and give up
16 | my right to be brought to trial earlier than May 5, 2026.  I
17 | understand that I will be ordered to appear in Courtroom 7C of the
18 | Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May
19 | 5, 2026 at 8:30 a.m.

_____  9/10/2025
YARIN COHEN                        Date
Defendant

11

1   I am Gilbert Arenas's attorney. I have carefully discussed
2 every part of this stipulation and the continuance of the trial date
3 with my client. I have fully informed my client of his Speedy Trial
4 rights. To my knowledge, my client understands those rights and
5 agrees to waive them. I believe that my client's decision to give up
6 the right to be brought to trial earlier than May 5, 2026 is an
7 informed and voluntary one.

8   _____           September 10, 2025
9   JANINE F. COHEN                              Date
    JEROME H. FRIEDBERG
10  Attorneys for Defendant
    GILBERT ARENAS
11

12
13  I have read this stipulation and have carefully discussed it
    with my attorney. I understand my Speedy Trial rights. I
14
    voluntarily agree to the continuance of the trial date, and give up
15
    my right to be brought to trial earlier than May 5, 2026. I
16
    understand that I will be ordered to appear in Courtroom 7C of the
17
    Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May
18
    5, 2026 at 8:30 a.m.
19

20  _____           September 10, 2025
    GILBERT ARENAS                               Date
21  Defendant

12

I am Ievgen Krachun's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than May 5, 2026 is an informed and voluntary one.

_____        _____
JOHN TARGOWSKI                          Date
Attorneys for Defendant
IEVGEN KRACHUN

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 5, 2026.  I understand that I will be ordered to appear in Courtroom 7C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 5, 2026 at 8:30 a.m.

_____        _____
IEVGEN KRACHUN                          Date
Defendant

13

I am Ievgen Kractun's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 5, 2026 is an informed and voluntary one.

_____   _9/9/2025_
JOHN TARGOWSKI             Date
Attorneys for Defendant
IEVGEN KRACHUN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 5, 2026. I understand that I will be ordered to appear in Courtroom 10 at the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 5, 2026 at 8:30 a.m.

_____   _09/09/2025_
IEVGEN KRACHUN             Date
Defendant

I am Valentina Cojocari's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 5, 2026 is an informed and voluntary one.

_____           9/10/25
DAVID R. REED                        Date
Attorneys for Defendant
VALENTINA COJOCARI

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 5, 2026. I understand that I will be ordered to appear in Courtroom 7C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 5, 2026 at 8:30 a.m.

_____           9/10/2025
VALENTINA COJOCARI                   Date
Defendant

14

**CERTIFICATE OF SERVICE**

I, **SHYANNE MILES**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT**

service was:

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☒ By electronic mail delivery, as follows:

**David E Kenner**
**Email: David@KennerLaw.com**

This Certificate is executed on September 12, 2025, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

SHYANNE MILES